ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:  415/674-8600
4  Facsimile:  415/674-9900

5  STEVEN R. PINGEL (State Bar No. 52710)
   STEVEN R. PINGEL
6  A Professional Corporation
   444 W. Ocean Blvd., Suite 400
7  Long Beach, CA 90802
   Tel: 562/432-0302  Fax: 866/734-3220
8
                                              E-filing
9  Attorneys for Plaintiff
   PEPPER BEALL MAUPIN
10
11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13
   PEPPER BEALL MAUPIN,           )   CASE NO. CV 08 1513
14                                )
         Plaintiff,               )   CLASS ACTION COMPLAINT FOR
15                                )   INJUNCTIVE RELIEF AND DAMAGES:
   v.                             )
16                                )   1st CAUSE OF ACTION: For Common Law
   COLORITE PLASTIC COMPANY,      )   Affirmative Concealment
17                                )
         Defendant.               )   2nd CAUSE OF ACTION: For Violation of
18 _____)   California Business and Profession Code
                                      §17200
19
                                      3rd CAUSE OF ACTION: For Violation of
20                                    California Business and Profession Code
                                      §17500
21
                                      4th CAUSE OF ACTION: For Willful Deceit
22                                    With The Intent To Induce a Party To Alter His
                                      Decision To His Detriment In Violation of
23                                    California Civil Code §§1709, 1710 and 1711

24                                    5th CAUSE OF ACTION: For Violation of
                                      California Civil Code §1770
25
                                      DEMAND FOR JURY
26
27
28

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                    1

1  Plaintiff PEPPER BEALL MAUPIN, individually and on behalf of all others similarly situated,
2  (hereinafter referred to as class members), complains of defendant COLORITE PLASTIC
3  COMPANY and alleges as follows:

**INTRODUCTION:**

1. This is a consumer action brought by plaintiff suing in her individual capacity, and on behalf of all other class members who purchased a Colorite WaterWorks "Kink Free" premium garden hose (hereinafter referred to as the "kink free" hose), four years prior to the date this complaint was filed, through the present, that was designed, manufactured and marketed, advertised, and represented by defendant COLORITE PLASTIC COMPANY. The subject hose was not "kink free." The hose did "kink" and the consumers were "hosed." This misrepresentation was an inducement to plaintiff and class members to purchase the subject hose. Plaintiff seeks injunctive relief and damages pursuant to California Business and Profession Code (hereinafter "B&P") §§17200, 17500 et seq. and pursuant to California Civil Code §§1709, 1710, 1711 and 1770.

**JURISDICTION AND VENUE:**

2. **Jurisdiction:** This Court has jurisdiction of this action pursuant to FRCP 23 and 28 and United States Code §1711. Plaintiff's damage claim is in excess of 5 million dollars.

3. **Venue:** Venue is proper in this court because the subject hoses were sold to class members at Goodman's Building Supply, Home Depot and through other retailers in each county of the State of California.

**PARTIES:**

4. Plaintiff PEPPER BEALL MAUPIN and plaintiff class members are those consumers who, four years prior to and including the date this complaint was filed, through the present, purchased a Colorite WaterWorks "Kink Free" premium garden hose designed, manufactured, represented and marketed by defendant COLORITE PLASTIC COMPANY, when, in fact, said hose was **not** kink free. Consequently, plaintiff PEPPER BEALL MAUPIN and class members are members of that portion of the public whose rights are protected by the

provisions of California Business and Profession Code §§17200, 17500 et seq. and pursuant to California Civil Code §§1709, 1710, 1711 and 1770.

5. Defendant COLORITE PLASTIC COMPANY (hereinafter alternatively and collectively referred to as "defendant") is a New Jersey corporation licensed to do business in New Jersey and California. Defendant COLORITE PLASTIC COMPANY is located and operates its business at or near 101 Railroad Avenue, Ridgefield, New Jersey. Defendant COLORITE PLASTIC COMPANY markets the subject "Kink Free" hose through Home Depot, Goodman Building Supply and other retailers, many of which are located within the venue of the United States District Court, Northern District of California. Defendant is subject to California state law prohibiting false and deceptive business practices and procedures including but not limited to those set forth in B&P Code §§17200, 17500 et seq. and pursuant to California Civil Code §§1709, 1710, 1711 and 1770, and to all other legal requirements referred to in this complaint.

**PRELIMINARY FACTUAL ALLEGATIONS:**

6. At all times relevant to this complaint, defendant designed and manufactured and caused to be advertised the Colorite Waterworks "Kink Free" premium garden hose. Defendant utilized multi-media forms to misrepresent the fact that the "kink free" hose was in fact **not** kink free.

7. Said hose, was initially represented by defendant to have been designed and manufactured as a hose with connector end fittings for carrying pressurized fluid, having longitudinally displaced internal ribs. These ribs run inside the walls of the hose to reduce flow termination due to kinking or compression. Defendant then represented said hose to be "kink free."

8. Plaintiff does not know the true names of defendant COLORITE PLASTIC COMPANY, its business capacities, nor its relative responsibilities in causing the violations herein complained of and alleges a joint venture and common enterprise by such defendant and other unidentified persons and entities. Plaintiff is informed and believes that the defendant herein is the agent, ostensible agent, master, servant, employer, employee, representative,

1  franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of
2  each of the other unidentified and potential defendants, and was at all times acting and
3  performing, or failing to act or perform, within the course and scope of his, her or its authority as
4  agent, ostensible agent, master, servant, employer, employee, representative, franchiser,
5  franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity,
6  and with the authorization, consent, permission or ratification of each of the other unidentified
7  and potential defendants, and is responsible in some manner for the acts and omissions of the
8  other unidentified persons and entities in legally causing the violations and damages complained
9  of herein, and have approved or ratified each of the acts or omissions of each other, as herein
10 described. Plaintiff will seek leave to amend when the true names, capacities, connections and
11 responsibilities of defendant COLORITE PLASTIC COMPANY and other persons and entities
12 are ascertained.
13      9.     Defendant COLORITE PLASTIC COMPANY engaged in unfair, fraudulent,
14 deceptive business practices, representing that the Colorite WaterWorks "Kink Free" premium
15 garden hose was kink free when it was **not** kink free. Plaintiff is informed and believes that such
16 acts occurred prior to December 3, 2005, and continued to the present.
17     10.     Prior to and at the time the first subject "Kink Free" hose was sold to the first
18 consumer and to the present, defendant through multi-media advertising and other
19 communicative forms advertised, asserted, suggested, and represented that the subject "kink
20 free" hose purchased by plaintiff and the consumer class was "kink free" when the hose was not
21 kink free and has continued to conceal such fact through the present.
22     11.     On or about December 3, 2005, plaintiff PEPPER BEALL MAUPIN purchased a
23 Colorite WaterWorks "Kink Free" premium garden hose at Goodman's Building Supply in the
24 City of Mill Valley, County of Marin, State of California, based upon the representations that
25 appeared on the packing of the said "Kink Free" hose:
26      •    Kink Free;
27      •    Premium garden hose; and
28      •    Unconditional life-time warranty.

Plaintiff PEPPER BEAL MAUPIN purchased the subject hose solely upon the "kink free" representation. Plaintiff PEPPER BEALL MAUPIN wanted a hose that provided continuous water flow not interrupted by "kinking."

12. On or about Mother's Day, May 14, 2006, Plaintiff PEPPER BEALL MAUPIN used the subject kink free hose and discovered for the first time that the hose was not "kink free," when it kinked several times during her use of it.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action individually and as a class action on behalf of the following class: All those consumers who purchased a Colorite WaterWorks "Kink Free" premium garden hose, four years prior to the date this complaint was filed to the present.

14. Plaintiff's claims are typical of the claims of the class because plaintiff and all the class members were harmed by defendant's misrepresentation that the subject hose was "kink free" and were induced to purchase said "kink free" hose based upon this false representation. The subject hose was **not** "kink free."

15. Plaintiff is a representative party who will fully and adequately protect the interests of the class members. Plaintiff has retained counsel who are competent in class actions. Plaintiff has no interests which are contrary to or in conflict with those of the class she seeks to represent.

16. The number of class members is believed to exceed five hundred thousand (500,000) consumers, which makes it impracticable to bring all members of the class individually before the court, and the identities of the members of the class are determinable from the records of defendant, and from major retailers such as Goodman's Building Supply and Home Depot.

17. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even if any class member could afford individual litigation against a large corporation like COLORITE PLASTIC COMPANY it would be unduly burdensome to the court system. Individual litigation magnifies the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and affords the benefits of

unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial consistency. Notice of the pendency and any resolution of this action can be provided to class members by mail, print, broadcast, internet and/or multimedia publication.

18. This type of case is uniquely well suited for class treatment since defendant COLORITE PLASTIC COMPANY's practices are uniform and consistent and the burden is on the defendant to prove otherwise.

19. Many issues of law or fact are common and they predominate over any individual questions. These common issues include:

    a. Whether the subject hose is, in fact, "kink free;"

    b. Whether defendant represented to the consuming public that the subject hose was "kink free;"

    c. Whether defendant chose to represent the subject hose as "kink free" because "kink free" was determined to be a superior method to induce a purchase in contrast to representing the subject hose as "kink resistant" or with "kink reduction";

    d. Whether the conduct, unfair, fraudulent and deceptive business practices of defendant constitutes unfair competition and violations of California Business and Profession Code §§17200, 17500 et seq. and violations pursuant to Civil Code §§1709, 1710, 1711 and 1770;

    e. Whether defendant's conduct constitutes inducement and dissemination by misrepresentation in violation of California B&P Code §17500;

    f. Whether defendant's conduct in making representations relative to an alleged "kink free" hose constitutes affirmative concealment in light of applicable patents;

    g. When plaintiff and class members should have discovered that the subject "kink free"hoses were not in fact kink free;

    h. Whether plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages; and

    i. Whether plaintiff and class members are entitled to injunctive relief prohibiting defendant from representing in the future that the subject hose is "kink free."

## GENERAL ALLEGATIONS
## AS TO CLASS REPRESENTATIVES

20. During the subject time period, plaintiff purchased a subject Colorite WaterWorks "Kink Free" premium garden hose based on the inducement of defendant COLORITE PLASTIC COMPANY which represented the subject "Kink Free" hose to be just that, kink free, when it was not.

### I. FIRST CAUSE OF ACTION FOR COMMON LAW AFFIRMATIVE CONCEALMENT
(On behalf of Plaintiff PEPPER BEALL MAUPIN and members of plaintiff class and Against Defendant COLORITE PLASTIC COMPANY

21. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 20 of this complaint.

22. At all times stated herein, defendant concealed or suppressed material facts relative to the alleged "Kink Free" hose from buyers, and the general buying public. Defendant's intent in doing this was to sell so-called "kink free" hoses to the general public. Defendant "hyped" (in years of multi media advertising, including but not limited to newspaper advertising, magazine advertising, internet, radio and television advertising and promotional articles, and through displays and advertising packaging) that all subject "Kink Free" hoses manufactured and sold were "kink free" hoses. By making said false representations, defendant conveyed the concept to each plaintiff and the subject class members that the most common problem in using a hose under water pressure is hose kinking, which problem had been solved by defendant with the "kink free" design. Hence, the consumer would never have to be concerned with the hose kinking, which effectively shuts the water flow from the hose off. Defendant had already "hooked" plaintiff and this class of unknowing hose buyers on "kink free" hose. Use of the term, "kink free," indicated, falsely, that the hose was free of kinks.

23. Defendant, knowing that the subject "Kink Free" hose was not "kink free," had a duty to disclose these facts not only to plaintiff and to class members, but to the general public. The duty of disclosure by defendant also arose because defendant was in violation of, and/or

1 | subject to, claims for damages pursuant to California statutes, including but not limited to
2 | Business & Professions Code §§17200 and 17500, and Civil Code §§1709, 1710, 1711 and 1761.
3 | **II.    SECOND CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS**
4 | **AND PROFESSION CODE §17200**
5 | (On behalf of Plaintiff PEPPER BEALL MAUPIN and members of plaintiff class and
6 | Against Defendant COLORITE PLASTIC COMPANY)
7 | 24.    Plaintiff repleads and incorporates by reference as if fully set forth again herein,
8 | the allegations contained in paragraphs 1 through 23 of this complaint.
9 | 25.    The pattern and practice of misrepresentations about the "kink free" hose, and the
10 | use of mass media to represent to the general consuming public and the class of persons affected
11 | herein, that all subject "Kink Free" hoses were kink free was an unlawful, unfair and fraudulent
12 | business act and practice. Said representations of a non-existent quality that purportedly made
13 | defendant's hose superior to other hoses on the market was not only unfair, deceptive, untrue and
14 | misleading to plaintiff class, but also was designed to give defendant an unfair advantage over its
15 | competitors. Said acts and practices were in violation of California B&P section 17200; to wit:
16 | ...unfair competition shall mean and include any unlawful, unfair
17 | or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the California
18 | Business and Professions Code.
19 | **III.   THIRD CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS**
20 | **AND PROFESSION CODE §17500**
21 | (On behalf of Plaintiff PEPPER BEALL MAUPIN and members of plaintiff class and
22 | Against Defendant COLORITE PLASTIC COMPANY)
23 | 26.    Plaintiff repleads and incorporates by reference as if fully set forth again herein,
24 | the allegations contained in paragraphs 1 through 25 of this complaint.
25 | 27.    Defendant, and by and through its employees, agents, representatives and ad
26 | agencies intended, directly and/or indirectly, to represent to plaintiff, the general consuming
27 | public and plaintiff class members, that the subject "Kink Free" hose was designed and
28 | manufactured so as not to "kink" at any time. Defendant's intent was to induce consumers in the

1  State of California and throughout the United States to purchase said "Kink Free" Premium
2  garden hoses." The inducement was accomplished by use of mass and multi media (including
3  but not limited to newspapers, specialty magazines, television, internet, web sites, advertising
4  packaging, displays and other advertising methods) to misrepresent the subject hose system.

5      28.    Defendant by and through its employees, agents, representatives, ad agencies and
6  retailers knew or by the exercise of reasonable care should have known that it was deceitful to
7  represent the subject hose as kink free because the hose, as designed would and did, in fact, kink.
8  As such, defendant disseminated information which was untrue and misleading. Said acts were
9  part of a plan and scheme to sell the subject "Kink Free" hose as being superior to hoses
10 designed and manufactured by defendant's competitors.

11     29.    Such acts of inducement and dissemination by misrepresenting the existence of a
12 "Kink free" hose were in violation of California B&P Code §17500, to wit:

> ...it is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed erformance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise so advertised at the price stated therein, or as so advertised.

22 **V.   FOURTH CAUSE OF ACTION FOR WILLFUL DECEIT WITH THE INTENT**
23 **TO INDUCE A PARTY TO ALTER HIS POSITION TO HIS DETRIMENT IN**
24 **VIOLATION OF CALIFORNIA CIVIL CODE §§1709, 1710 and 1711**
25 (On behalf of Plaintiff PEPPER BEALL MAUPIN and members of plaintiff class and
26 Against Defendant COLORITE PLASTIC COMPANY)

27     30.    Plaintiff repleads and incorporates by reference as if fully set forth again herein,
28 the allegations contained in paragraphs 1 through 29 of this complaint.

31. The acts and practices of the defendant, as stated herein, constitute deceit with the intent to induce the consuming public, plaintiff and subject class members to alter their position to their injury, detriment or risk by purchasing the subject "Kink Free" hoses, based in part on the misrepresentation that the subject hose was kink free, in violation of California Civil Code §§1709 and 1710 to wit:

> ...one who willingly deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers.

> ...A deceit, within the meaning of the last section, is either: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; 3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or, 4. A promise, made without any intention of performing it.

32. Further, defendant, in practicing the acts of deceit with the intent to defraud the public, plaintiff and class members purchasing the subject "Kink Free" hoses is deemed to have intended to defraud every individual in the subject class of plaintiff, to wit:

> ...one who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually mislead by the deceit.
> (C.C. §1711)

## V. FIFTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE §1770

(On behalf of Plaintiff PEPPER BEALL MAUPIN and members of plaintiff class and Against Defendant COLORITE PLASTIC COMPANY)

33. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 32 of this complaint.

34. Defendant's acts, practices and procedures as stated herein, constituted unfair methods of competition and unfair or deceptive acts or practices intended to result in the sale of the subject "Kink Free" hoses to the consuming public, plaintiff and subject class members by

representing them to have a quality and characteristic that did **not** exist compared to other manufacturers of hoses in the same price class as the subject "Kink Free" hoses. Said acts and practices are in violation of California Civil Code §1770, to wit:

    a.) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

        5. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have,

        7. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another, and

        9. Advertising goods or services with intent not to sell them as advertised.

**PRAYERS:**

**I. PRAYER FOR FIRST CAUSE OF ACTION FOR COMMON LAW AFFIRMATIVE CONCEALMENT**

(On behalf of Plaintiff PEPPER BEALL MAUPIN and the class which she represents and Against Defendant COLORITE PLASTIC COMPANY)

35. For injunctive relief, compelling defendant COLORITE PLASTIC COMPANY to cease and desist from representing any Colorite WaterWorks "Kink Free" premium garden hose to be "kink free."

36. For damages according to proof;

37. For attorneys' fees and litigation expenses;

38. For all costs of suit;

39. Prejudgment interest pursuant to California Civil Code §3291; and

40. Such other and further relief as the court may deem just and proper.

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSION CODE §17200**

(On behalf of Plaintiff PEPPER BEALL MAUPIN and the class which she represents and Against Defendant COLORITE PLASTIC COMPANY)

41. For injunctive relief, compelling defendant COLORITE PLASTIC COMPANY to cease and desist from representing any Colorite WaterWorks "Kink Free" premium garden hose to be "kink free."

42. For damages according to proof;

43. For attorneys' fees and litigation expenses;

44. For all costs of suit; and

45. Such other and further relief as the court may deem just and proper.

### III. PRAYER FOR THIRD CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSION CODE §17500

(On behalf of Plaintiff PEPPER BEALL MAUPIN and the class which she represents and Against Defendant COLORITE PLASTIC COMPANY)

46. For injunctive relief, compelling defendant COLORITE PLASTIC COMPANY to cease and desist from representing any Colorite WaterWorks "Kink Free" premium garden hose to be "kink free."

47. For damages according to proof;

48. For attorneys' fees and litigation expenses;

49. For all costs of suit, and;

50. Such other and further relief as the court may deem just and proper.

### IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR WILLFUL DECEIT WITH THE INTENT TO INDUCE A PARTY TO ALTER HIS POSITION TO HIS DETRIMENT IN VIOLATION OF CALIFORNIA CIVIL CODE §§1709, 1710 and 1711

(On behalf of Plaintiff PEPPER BEALL MAUPIN and the class which she represents and Against Defendant COLORITE PLASTIC COMPANY)

51. For injunctive relief, compelling defendant COLORITE PLASTIC COMPANY to cease and desist from representing any Colorite WaterWorks "Kink Free" premium garden hose to be "kink free."

52. For damages according to proof;

53. For attorneys' fees and litigation expenses;

54. For all costs of suit; and

55. Such other and further relief as the court may deem just and proper.

## V. PRAYER FOR FIFTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE §1770

(On behalf of Plaintiff PEPPER BEALL MAUPIN and the class which she represents; and Against Defendant COLORITE PLASTIC COMPANY)

For injunctive relief, compelling defendant COLORITE PLASTIC COMPANY to cease and desist from representing any Colorite WaterWorks "Kink Free" premium garden hose to be "kink free."

56. For damages according to proof.

57. For attorneys' fees and litigation expenses;

58. For all costs of suit, and

59. Such other and further relief as the court may deem just and proper.

Dated: March 4, 2008            STEVEN R. PINGEL

LAW OFFICES OF STEVEN R. PINGEL

By: /s/ Steven R. Pingel

STEVEN R. PINGEL

Attorneys for Plaintiff PEPPER BEALL MAUPIN and Class Members

Dated: 3/4/08, 2008             THOMAS E. FRANKOVICH

A PROFESSIONAL LAW CORPORATION

By: /s/

THOMAS E. FRANKOVICH

Attorneys for Plaintiff PEPPER BEALL MAUPIN and Class Members

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: March 4, 2008

STEVEN R. PINGEL

*LAW OFFICES OF STEVEN R. PINGEL*

By: /s/ Steven R. Pingel

STEVEN R. PINGEL

Attorneys for Plaintiff PEPPER BEALL MAUPIN and Class Members

Dated: 3/6/08, 2008

THOMAS E. FRANKOVICH

*A PROFESSIONAL LAW CORPORATION*

By: /s/ Thomas E. Frankovich

THOMAS E. FRANKOVICH

Attorneys for Plaintiff PEPPER BEALL MAUPIN and Class Members