1   Neal A. Potischman (Bar No. 254862)
    Stephanie E. Lockwood (Bar No. 238215)
2   DAVIS POLK & WARDWELL
    1600 El Camino Real
3   Menlo Park, California  94025
    Telephone:  (650) 752-2000
4   Facsimile:  (650) 752-2111
    Email:      neal.potischman@dpw.com
5               lockwood@dpw.com

6   Attorneys for Defendant
    TEKNI-PLEX, INC., sued herein as
7   COLORITE PLASTIC COMPANY

8

9                   UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12  PEPPER BEALL MAUPIN,                    CASE NO. CV-08-1513 MHP

13                  Plaintiff,              **DEFENDANT TEKNI-PLEX, INC.'S
                                            SUPPLEMENTAL APPLICATION FOR
14          v.                              LEAVE OF COURT TO FILE A
                                            MOTION TO DISMISS PRIOR TO THE
15  COLORITE PLASTIC COMPANY,               INITIAL CASE MANAGEMENT
                                            CONFERENCE, OR, IN THE
16                  Defendant.              ALTERNATIVE, TO ADJOURN THE
                                            DEADLINE TO MOVE TO DISMISS OR
17                                          TO ANSWER THE COMPLAINT**

18                                          Complaint served:  April 30, 2008

19
            Pursuant to standing Order No. 4 of the Honorable Marilyn H. Patel, defendant Tekni-Plex,
20
    Inc., sued as Colorite Plastic Company ("defendant"), hereby requests leave to file the attached
21
    proposed motion to dismiss the complaint in this action ("Complaint") pursuant to Federal Rules of
22
    Civil Procedure 12(b)(6), 9(b), and 12(b)(1) for failure to state a claim upon which relief may be
23
    granted, for failure to plead her claims with the requisite particularity, for lack of subject matter
24
    jurisdiction, and for failure to comply with the procedural requirements of California Civil Code §§
25
    1780(c) and 1782 of the California Consumer Legal Remedies Act.  Leave of Court is requested for
26
    the following reasons:
27
    ///
28

1     1.     The above referenced case was assigned to Your Honor on May 14, 2008.

2     2.     The initial Case Management Conference in this case has been scheduled for July

3    14, 2008.

4     3.     Currently, the deadline under the Federal Rules of Civil Procedure for defendant to

5    move to dismiss or to answer the Complaint is today, May 19, 2008.

6     4.     Defendant has prepared the attached proposed motion to dismiss the Complaint, and

7    had planned to file such motion today.

8     5.     Defendant is aware that Your Honor's Standing Order Number 4 states: "Motions to

9    dismiss shall not be filed before the initial Case Management Conference except by leave of

10   Court."

11    6.     As set forth in detail in the attached proposed motion to dismiss, defendant believes

12   that there is a strong basis to dismiss the Complaint in its entirety.  Accordingly, granting

13   defendant's supplemental application for leave of court to file a motion to dismiss prior to the

14   initial Case Management Conference would serve the interests of judicial economy.

15    7.     On May 15, 2008, defendant filed an application for leave to file a motion to dismiss

16   prior to the initial case management conference, or, in the alternative, to adjourn the deadline to

17   move to dismiss or to answer the Complaint (D.I. 14.).  The Court has not yet ruled on that

18   application.

19    8.     Accordingly, defendant respectfully seeks leave to file the attached proposed motion

20   to dismiss in advance of the July 14, 2008 initial Case Management Conference.

21    9.     Should the Court grant defendant leave to file its motion to dismiss, defendant

22   expects that briefing will be complete prior to the scheduled initial Case Management Conference.

23    10.    In the alternative, defendant respectfully requests that the Court adjourn the deadline

24   to move to dismiss or to answer the Complaint until ten days after the initial Case Management

25   Conference.

26   ///

27   ///

28

1    Accordingly, defendant asserts that there is good cause for granting leave as requested in

2  this application.

3

4  Dated:  May 19, 2008                        Respectfully Submitted,

5                                              DAVIS POLK & WARDWELL

6

7                                              By:   /s/ Neal A. Potischman
                                                    Neal A. Potischman (Bar No. 254862)
8                                                   Stephanie E. Lockwood (Bar No. 238215)

9                                              Attorneys for Defendant
                                               TEKNI-PLEX, INC., sued as
10                                             COLORITE PLASTIC COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Neal A. Potischman (Bar No. 254862)
Stephanie E. Lockwood (Bar No. 238215)
DAVIS POLK & WARDWELL
1600 El Camino Real
Menlo Park, California  94025
Telephone:  (650) 752-2000
Facsimile:  (650) 752-2111
Email:      neal.potischman@dpw.com
            lockwood@dpw.com

Attorneys for Defendant
TEKNI-PLEX, INC., sued herein as
COLORITE PLASTIC COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEPPER BEALL MAUPIN, | CASE NO. CV-08-1513 MHP |
| Plaintiff, | **DEFENDANT TEKNI-PLEX, INC.'S [PROPOSED] NOTICE OF MOTION AND MOTION TO DISMISS** |
| v. | |
| COLORITE PLASTIC COMPANY, | Date:  June 30, 2008 |
| Defendant. | Time:  2:00 p.m. |
| | Ctrm:  15 |
| | Judge:  Honorable Marilyn Hall Patel |

1    **NOTICE OF MOTION AND MOTION**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE THAT on June 30, 2008 at 2:00 p.m., or as soon thereafter as

4    counsel may be heard, in the Courtroom of the Honorable Marilyn Hall Patel, United States District

5    Court, Northern District of California, San Francisco Division, Courtroom 15, located at 450

6    Golden Gate Avenue, San Francisco, California, defendant Tekni-Plex, Inc. ("defendant"), sued

7    herein as Colorite Plastic Company, will and hereby does move this Court for an order pursuant to

8    Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 9(b), and Fed. R. Civ. P. 12(b)(1), dismissing the

9    Complaint filed by Pepper Beall Maupin ("plaintiff").

10    This Motion is made on the grounds that plaintiff has (1) failed to state a claim for which

11    relief can be granted and has failed to plead her claims with the particularity required under the

12    Federal Rules of Civil Procedure; (2) failed to comply with statutory requirements under the

13    California Consumer Legal Remedies Act; and (3) failed to establish that the Court has subject

14    matter jurisdiction over plaintiff's claims.  Defendant asks that the Court dismiss all claims.

15    This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and

16    Authorities in support hereof, the pleadings and other files herein, and such other written and oral

17    argument as may be presented to the Court.

18    Dated:    May 19, 2008                    Respectfully Submitted,

19                                              DAVIS POLK & WARDWELL

20

21                                              By:  s/ Neal A. Potischman
                                                   Neal A. Potischman (Bar No. 254862)
22                                                 Stephanie E. Lockwood (Bar No. 238215)

23                                              Attorneys for Defendant
                                                TEKNI-PLEX, INC., sued herein as
24                                              COLORITE PLASTIC COMPANY

25

26

27

28

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether plaintiff's Complaint should be dismissed for failure to state a claim on which relief can be granted, much less to do so with the particularity required by the Federal Rules of Civil Procedure for claims sounding in fraud.

2.      Whether Plaintiff's claims under the California Consumer Legal Remedies Act must be dismissed for failure to comply with statutory requirements.

3.      Whether plaintiff's Complaint should be dismissed because the Court lacks subject matter jurisdiction over her claims.

1

# <u>TABLE OF CONTENTS</u>

2

PAGE

3

PRELIMINARY STATEMENT ................................................................................................ 1

4

SUMMARY OF THE COMPLAINT ...................................................................................... 2

5

LEGAL STANDARD ............................................................................................................... 4

6

ARGUMENT ............................................................................................................................ 6

7

8

9

I.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO
STATE A CLAIM UNDER ANY PLEADING STANDARD, MUCH LESS THE
HEIGHTENED PLEADING STANDARD REQUIRED BY FEDERAL RULE OF
CIVIL PROCEDURE 9(B) ......................................................................................... 6

10

11

A.    PLAINTIFF'S FRAUD CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO
PLEAD FACTS ESTABLISHING EITHER MISREPRESENTATION OR INJURY ........................ 6

12

B.    PLAINTIFF'S UCL CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD
FACTS ESTABLISHING UNLAWFUL, UNFAIR, OR FRAUDULENT CONDUCT OR INJURY ...... 9

13

14

15

C.    PLAINTIFF'S FALSE ADVERTISING CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF
FAILS TO PLEAD FACTS ESTABLISHING THAT THERE WAS ADVERTISING, MUCH LESS
THAT IT WAS FRAUDULENT AND CAUSED INJURY ......................................................... 13

16

17

D.    PLAINTIFF'S CALIFORNIA CONSUMER LEGAL REMEDIES ACT CLAIM MUST BE
DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FACTS ESTABLISHING EITHER
MISREPRESENTATION OR INJURY ................................................................................... 14

18

II.   PLAINTIFF DID NOT COMPLY WITH STATUTORY REQUIREMENTS OF THE
CLRA ......................................................................................................................... 15

19

20

A.    PLAINTIFF FAILED TO FILE THE AFFIDAVIT REQUIRED BY CALIFORNIA CIVIL CODE
§ 1780(C) ................................................................................................................... 15

21

22

B.    PLAINTIFF FAILED TO COMPLY WITH THE NOTICE AND DEMAND REQUIREMENTS OF
CALIFORNIA CIVIL CODE § 1782 .................................................................................. 15

23

24

III.  PLAINTIFF HAS FAILED TO ESTABLISH THAT THE COURT HAS SUBJECT
MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS ............................................. 16

25

IV.   CONCLUSION ........................................................................................................... 18

26

27

28

1

# TABLE OF AUTHORITIES

2

PAGE

3

## CASES

4

Abbot v. Stevens,
133 Cal. App. 2d 242 (1955)..................................................................................................8

5

Am. Canine Found. v. Sun,
No. C-06-4713 MMC, 2007 U.S. Dist. LEXIS 90004 (N.D. Cal. Nov. 27, 2007)......................4

6

Associated Gen. Contractors v. Cal. State Council,
459 U.S. 519 (1983)................................................................................................................4

7

Bank of the West v. Super. Ct.,
2 Cal. 4th 1254 (1992)............................................................................................................9

8

Bardin v. DaimlerChrysler Corp.,
136 Cal. App. 4th 1255 (2006)............................................................................................10

9

Barker v. Am. Mobil Power Corp.,
64 F.3d 1397 (9th Cir. 1995)..................................................................................................5

10

Bell Atl. Corp. v. Twombly,
550 U.S. ___, 127 S. Ct. 1955 (2007)....................................................................................4

11

Boyer v. Barrows,
166 Cal. 757 (1913)................................................................................................................3

12

Branick v. Downey Sav. & Loan Ass'n,
39 Cal. 4th 235 (2006)..........................................................................................................11

13

Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig., In re,
288 F.3d 1012 (7th Cir. 2002)................................................................................................3

14

Camacho v. Auto. Club of S. Cal.,
142 Cal. App. 4th 1394 (2006)............................................................................................11

15

Cattie v. Wal-Mart Stores, Inc.,
504 F. Supp. 2d 939 (S.D. Cal. 2007)..................................................................................15

16

Cazares v. Household Fin. Corp.,
No. 04-CV-2548 DSF, 2005 U.S. Dist. LEXIS 39222 (C.D. Cal. July 26, 2005)..................4

17

Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,
20 Cal. 4th 163 (1999)......................................................................................................9, 10

18

Churchill Vill., L.L.C. v. GE,
169 F. Supp. 2d 1119 (N.D. Cal. 2000) ....................................................................10, 12, 17

19

Clauser v. Taylor,
44 Cal. App. 2d 453 (1941)....................................................................................................8

20

Comm. on Children's Television, Inc. v. Gen. Foods Corp.,
35 Cal. 3d 197 (1983)......................................................................................................12, 13

21

Consumer Advocates v. Echostar,
113 Cal. App. 4th 1351 (2003)............................................................................................12

22

Curran v. Heslop,
115 Cal. App. 2d 476 (1953)..................................................................................................8

23

Daugherty v. Honda,
144 Cal. App. 4th 824 (2006)..........................................................................................9, 11

24

Diamond Multimedia Sys., Inc. v. Super. Ct.,
19 Cal. 4th 1036 (1999)........................................................................................................17

25

Harshbarger v. Philip Morris, Inc.,
No. 02-CV-05267 JSW, 2003 U.S. Dist. LEXIS 25023 (N.D. Cal. Apr. 1, 2003)..................4

26

Haskell v. Time, Inc.,
857  F. Supp. 1392 (E.D. Cal. 1994) ....................................................................................12

27

Hoey v. Sony Elecs. Inc.,
515 F. Supp. 2d 1099 (N.D. Cal. 2007) ................................................................................7

28

Ins. Corp. of Ireland v. Compagnie Des Bauxites,
456 U.S. 694 (1982)..............................................................................................................16

1  Karoutas v. HomeFed Bank,
       232 Cal. App. 3d 767 (1991)..................................................................................8
2  Khoury v. Maly's of Cal., Inc.,
       14 Cal. App. 4th 612 (1993)..............................................................................9, 10
3  Mass. Mut. Life Ins. Co. v. Super. Ct.,
       97 Cal. App. 4th 1282 (2002).................................................................................14
4  McCready v. Am. Honda Motor Co.,
       No. 05-CV-5247 SBA, 2006 U.S. Dist LEXIS 44137 (N.D. Cal. June 19, 2006)...................5, 13
5  Nagy v. Nagy,
       210 Cal. App. 3d 1261 (1989).............................................................................6, 9
6  Neu v. Terminix Int'l, Inc.,
       No. 07-CV-6472 CW, 2008 U.S. Dist. LEXIS 32844 (N.D. Cal. April 8, 2008)........................7
7  Norwest Mortg., Inc. v. Super. Ct.,
       72 Cal. App. 4th 214 (1999)..................................................................................17
8  O'Brien v. Camisasca Auto. Mfg., Inc.,
       161 Cal. App. 4th 388 (2008)................................................................................16
9  People ex rel. DMV v. Cars 4 Causes,
       139 Cal. App. 4th 1006 (2006).............................................................................12
10 Pinnacle Sys., Inc. v. XOS Techs., Inc.,
       No. C-02-03804 RMW, 2003 WL 21397845 (N.D. Cal. May 19, 2003) ...............................4
11 Porcell v. Lincoln Wood Prods., Inc.,
       07-CV-729 BBC, 2008 U.S. Dist. LEXIS 34339 (W.D. Wis. Apr. 23, 2008)........................16, 17
12 Rodarte v. Philip Morris, Inc.,
       No. 03-CV-0353 FMC, 2003 U.S. Dist. LEXIS 25067 (C.D. Cal. June 23, 2003) ...................4
13 Schreiber v. ServWell,
       806 F.2d 1393 (9th Cir. 1986)...............................................................................5
14 Seeger v. Odell,
       18 Cal. 2d 409 (1941)...........................................................................................7
15 Serv. by Medallion, Inc. v. Clorox Co.,
       44 Cal. App. 4th 1807 (1996)................................................................................6
16 Stickrath v. Globalstar, Inc.,
       527 F. Supp. 2d 992 (N.D. Cal. 2007) ..................................................................5
17 Stone v. Farnell,
       239 F.2d 750 (9th Cir. 1956)................................................................................5
18 Streamcast Networks, Inc. v. Skype Techs.,
       S.A., No. 06-CV-391 FMC, 2006 U.S. Dist. LEXIS 97393 (C.D. Cal. Sept. 14, 2006) ...........4
19 Vess v. Ciba-Geigy Corp. USA,
       317 F.3d 1097 (9th Cir. 2003)...........................................................4, 5, 6, 10, 12
20 Wilhelm v. Pray, Price, Williams & Russell,
       186 Cal. App. 3d 1324 (1986)...............................................................................7
21 Williams v. Prudential Ins. Co. of Am.,
       07-CV-2252, 2007 U.S. Dist. LEXIS 86795 (N.D. Cal. Nov. 13, 2007)...............................8
22

23                            RULES & STATUTES

24 28 U.S.C. § 1331 ................................................................................................16, 17

25 28 U.S.C. § 1332 ...........................................................................................2, 16, 17

26 28 U.S.C. § 1711 .....................................................................................................16

27 Cal. Bus. & Prof. Code § 17001 .............................................................................10

28 Cal. Bus. & Prof. Code § 17200 ........................................................................3, 9, 17

Cal. Bus. & Prof. Code § 17204 ................................................................................... 9

Cal. Bus. & Prof. Code § 17208 ................................................................................... 3

Cal. Bus. & Prof. Code § 17500 ............................................................ 3, 4, 9, 10, 13, 17

Cal. Bus. & Prof. Code § 17535 ................................................................................. 13

Cal. Civ. Code § 1573 ................................................................................................... 5

Cal. Civ. Code § 1709 ............................................................................................... 3, 5

Cal. Civ. Code § 1770 ......................................................................................... 3, 14, 15

Cal. Civ. Code § 1780 ............................................................................................. 1, 15

Cal. Civ. Code § 1782 ............................................................................................. 1, 15

Cal. Civ. Code § 1783 ................................................................................................... 3

Cal. Code Civ. P. § 338 ............................................................................................. 3, 4

Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 .............................. 16

Fed. R. Civ. P. 12(b) ............................................................................................ 1, 4, 5

Fed. R. Civ. P. 9(b) ......................................................................................... 1, 4, 5, 9

### TREATISES

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

    § 1216 (3d ed. 2004) ............................................................................................. 4

Stern, William L., Business & Professions Code Section 17200 Practice,

    § 10:82 (The Rutter Group 2007) ......................................................................... 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Over two years ago, plaintiff purchased a Colorite WaterWorks garden hose at a building supply store. The hose was sold with what plaintiff concedes was an "Unconditional life-time warranty," which plaintiff apparently has decided not to invoke in favor of instituting litigation. The hose was sold under the trade name "Kink Free," without any apparent definition of that term on the product packaging. Plaintiff complains that, on a single day, months after her purchase, her hose "kinked," and that she suffered some unspecified harm as a result. Plaintiff does not define the term "kink," and it is unclear whether the thrust of her Complaint is that her hose momentarily bent, that her hose became permanently creased, that water flow was fleetingly impacted, or that water flow from her hose was irreparably diminished. Nor does plaintiff claim that the hose was kinked, bent, blocked, or creased either when she purchased it or ever again after May 14, 2006. Plaintiff does not claim that she was physically injured or that her property was damaged. Indeed, plaintiff does not appear to identify <u>any</u> harm, even conjecturally, suffered by herself or any other member of the nationwide class that plaintiff seeks to have certified as a result of the alleged hose-kinking. Plaintiff's claims are not only substantively frivolous but are also pled deficiently. Plaintiff's Complaint should be dismissed.

<u>First</u>, plaintiff's Complaint is devoid of any factual representation attributed to defendant that plaintiff demonstrates to be false or improper, and plaintiff fails to allege a cognizable injury that she or any other putative class member suffered. This is fatal to all of her claims. Furthermore, plaintiff fails to plead her claims with the particularity necessary to maintain her fraud-based suit. As a result, plaintiff has failed to comply with Federal Rules of Civil Procedure 12(b)(6) and 9(b).

<u>Second</u>, plaintiff did not offer an affidavit affirming that her suit has been filed in a proper venue, therefore she failed to meet the pleading requirement of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1780(c). Plaintiff further failed to satisfy the demand requirement of the CLRA, Cal. Civ. Code § 1782. Failure to comply with the statutory provisions of the CLRA is an independent ground for dismissal of her CLRA claim.

1      <u>Third</u>, it appears that the Court may not have subject matter jurisdiction over plaintiff's

2  claims, both because plaintiff does not plead facts sufficient to satisfy the amount in controversy

3  requirements of 28 U.S.C. § 1332(d)(2) ($5,000,000 for class claims), and because recent case law

4  calls into question the propriety of finding subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)

5  where the plaintiff appears to be unlikely to be able to maintain a putative nationwide class action.

6  **SUMMARY OF THE COMPLAINT**

7      On December 3, 2005, plaintiff purchased a Colorite WaterWorks garden hose at a building

8  supply store.  Complaint ¶ 11.  The hose packaging indicated that the hose was covered by an

9  "Unconditional life-time warranty."  <u>Id.</u>  The existence and terms of the warranty apparently are not

10  in dispute.  The packaging also described the hose as being "premium" and listed a trade name of

11  "Kink Free."  <u>Id.</u>  Plaintiff does not allege that the term "kink" or the phrase "kink free" were

12  defined anywhere in the product packaging, or elsewhere.  Nor does she explain her own

13  understanding of the meaning of those terms, either at the time of purchase or thereafter.  She does

14  allege, however, that she "wanted a hose that provided continuous water flow not interrupted by

15  'kinking'" (<u>id.</u>), which suggests that she equates "kinking" with bending, twisting, or compression

16  of a hose; <u>see also</u> <u>id.</u> ¶ 22 (similar).

17      Plaintiff apparently either did not use the hose at all, or used it without incident, for a period

18  of some months.  On May 14, 2006, plaintiff allegedly used the hose and, for the first time, found

19  that it "kinked several times."  <u>Id.</u> ¶ 12.  That the hose "kinked several times" is the extent of detail

20  plaintiff provides about the events of May 14, 2006.  <u>Id.</u> ¶¶ 11-12.  The Complaint simply does not

21  explain precisely what happened.  Nor does plaintiff describe the circumstances that led to the

22  kinking, the consequences of the kinking (<u>e.g.</u>, whether the hose simply bent; whether it was

23  irreparably creased; whether her water flow was reduced and if so, by how much), or, most

24  importantly, what damage, if any, she supposedly suffered as a result of the alleged kinking.

25  Plaintiff also does not allege whether she attempted to return the hose to the store where she

26  purchased it, nor does she contend that she contacted defendant to invoke the "Unconditional life-

27  time warranty."  <u>Id.</u> ¶ 11.

28

1  Plaintiff does not allege that the kinking recurred after May 14, 2006.  Nonetheless,

2  approximately two years later, plaintiff filed this action on behalf of herself and a proposed

3  nationwide class consisting of "all those consumers who purchased a Colorite WaterWorks 'Kink

4  Free' premium garden hose, four years prior to the date this complaint was filed to the present."  Id.

5  ¶ 13.  Plaintiff does not allege what amount she (or any other purchaser) paid for the hose.  See,

6  e.g., id. ¶ 11 (not specifying purchase price).

7  The Complaint alleges that defendant made representations regarding the hose "through

8  multi-media advertising and other communicative forms" that "'hooked' plaintiff and this class"

9  (see id. ¶¶ 6, 10, 22, 25, 27), yet plaintiff does not quote from or specify any advertising allegedly

10  made by defendant.[1]  Nor does plaintiff allege that she saw or heard any advertising, in any media,

11  regarding the product.  See id. ¶ 11 (referring to her observations of the product packaging alone).

12  Plaintiff suggests that all putative class members "were 'hosed'" by virtue of having purchased the

13  product (id. ¶ 1), though plaintiff never alleges—and obviously could not allege—that each

14  purchaser is dissatisfied with the hose, much less that each purchaser's hose has "kinked."

15  Plaintiff asserts claims for common law fraud (Claim 1, see id. ¶¶ 21-23), statutory fraud

16  under Cal. Civ. Code § 1709-1711 (Claim 4, see Complaint ¶¶ 30-32),[2] violations of Cal. Bus. &

17  Prof. Code §§ 17200, Unfair Competition Law ("UCL") (Claim 2, see Complaint ¶¶ 24-25), and

18  17500, False Advertising Act ("FAA") (Claim 3, see Complaint ¶¶ 26-29), and violation of the

19  California Consumer Legal Remedies Act, Cal. Civ. Code § 1770 (Claim 5, see Complaint ¶¶ 33-

20  34.).[3]

21

22  ———————————

[1] Plaintiff alleges in her Complaint that defendant represented that the hose was "designed and manufactured as a hose . . . having longitudinally displaced internal ribs [that] run inside the walls of the hose to reduce flow termination due to kinking or compression."  Id. ¶ 7.  Plaintiff does not identify when, how, or to whom this representation was made and, in any event, the quoted language expressly allows for the possibility that the hose might kink.

[2] This motion to dismiss relies on statutory and common law of California.  In fact, if plaintiff's putative nationwide class action claims were permitted to proceed, the Court necessarily would have to analyze the applicable law for each plaintiff, and for each claim.  See generally In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig., 288 F.3d 1012 (7th Cir. 2002) ("State consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules.").

[3] Although plaintiff has identified the proposed class period as "four years prior to the date this complaint was filed to the present" (Complaint ¶ 13), only her UCL claim has an express four-year statute of limitations.  (Cal. Bus. & Prof. Code § 17208).  Three of the other four claims are governed by three-year statutes of limitations.  Cal. Code Civ. P. § 338(d) applies to Claims 1 and 4 as "action[s] for relief on the ground of fraud or mistake . . . ." See Boyer v. Barrows, 166 Cal. 757, 758-59 (1913).  Cal. Civ. Code § 1783 governs plaintiff's CLRA claim (Claim 5): "Any action brought under the specific provisions of Section 1770 shall be commenced not more than three years from the date of

1 **LEGAL STANDARD**

2        A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) should be granted where a

3 complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also

4 Bell Atl. Corp. v. Twombly, 550 U.S. ___, ___, 127 S. Ct. 1955, 1965 (2007) (holding that a

5 complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

6 level").  A properly pled complaint requires "something more . . . than . . . a statement of facts that

7 merely creates a suspicion [of] a legally cognizable right of action."  Twombly, 127 S. Ct. at 1965

8 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed.

9 2004)).  In ruling on a motion to dismiss, "conclusory allegations, unsupported by the facts alleged,

10 need not be accepted as true."  Am. Canine Found. v. Sun, No. C-06-4713 MMC, 2007 U.S. Dist.

11 LEXIS 90004, at *6 (N.D. Cal. Nov. 27, 2007) (internal citations omitted).  A district court is also

12 "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. (quoting

13 Twombly, 127 S. Ct. at 1965 (internal quotation and citation omitted)).  Further, "it is not proper

14 for the court to assume that the plaintiff can prove facts which he or she has not alleged."  Pinnacle

15 Sys., Inc. v. XOS Techs., Inc., No. C-02-03804 RMW, 2003 WL 21397845, at *5 (N.D. Cal. May

16 19, 2003) (quoting Associated Gen. Contractors v. Cal. State Council, 459 U.S. 519, 526 (1983)).

17 The complaint must include "more than labels and conclusions, and a formulaic recitation of the

18 elements of a cause of action."  Twombly, 127 S.Ct. at 1964-65.

19        Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the

20 circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).

21 Fraud allegations must "be specific enough to give defendants notice of the particular misconduct .

22 . . so that they can defend against the charge and not just deny that they have done anything

23 wrong."  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations

24

25 _____

26 the commission of such method, act, or practice."  Claim 3 is arguably governed by Cal. Code Civ. P. § 338(a) as "[a]n action upon a liability created by statute."  See Streamcast Networks, Inc. v. Skype Techs., S.A., No. 06-CV-391 FMC, 2006 U.S. Dist. LEXIS 97393 (C.D. Cal. Sept. 14, 2006) (applying three-year statute of limitations under Cal. Code Civ. P. § 338); Cazares v. Household Fin. Corp., No. 04-CV-2548 DSF, 2005 U.S. Dist. LEXIS 39222 (C.D. Cal. July 26, 2005) (same); Rodarte v. Philip Morris, Inc., No. 03-CV-0353 FMC, 2003 U.S. Dist. LEXIS 25067 (C.D. Cal. June 23, 2003) (same); but see Harshbarger v. Philip Morris, Inc., No. 02-CV-05267 JSW, 2003 U.S. Dist. LEXIS 25023, *17-18 (N.D. Cal. Apr. 1, 2003) (noting "dispute" as to whether claims under Cal. Bus. & Prof. Code § 17500 are governed by three- or four-year statute of limitations).

27

28

1    omitted), the complaint must provide "the who, what, when, where, and how of the misconduct

2    charged" and must set forth "what is false or misleading about a statement and why it is false." Id.

3    at 1106 (internal citations and quotations omitted).

4        Here, two of plaintiff's five causes of action explicitly aver fraud—plaintiff's first claim, for

5    common law affirmative concealment,[4] and her fourth claim for statutory fraud[5]—and plaintiff's

6    remaining claims are based on precisely the same allegations as plaintiff's statutory and common

7    law fraud claims.  The Ninth Circuit has held that when a plaintiff alleges "a unified course of

8    fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim. . . . [,] the

9    claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a

10   whole must satisfy the particularity requirement of Rule 9(b)." Id. at 1103-4; see also Stickrath v.

11   Globalstar, Inc., 527 F. Supp. 2d 992, 998 (N.D. Cal. 2007) (rejecting UCL and CLRA claims for

12   failure to plead with particularity under Rule 9(b)).  Therefore, in order for plaintiff to meet the

13   pleading standards of Rule 9(b) , her Complaint in toto, including each claim based on the same

14   alleged "unified course of fraudulent conduct" must include "the who, what, when, where, and how

15   of the misconduct charged," and must set forth "what is false or misleading about a statement and

16   why it is false." Vess, 317 F.3d at 1103, 1106; see also Schreiber v. ServWell, 806 F.2d 1393,

17   1401 (9th Cir. 1986) (stating that under Rule 9(b) pleading standard, "pleader must state the time,

18   place, and specific content of the false representations as well as the identities of the parties to the

19   misrepresentation").  Where a complaint sounding in fraud fails to plead the circumstances of the

20

21

22    [4] Common law does not provide an action for "affirmative concealment."  In fact, seemingly the only state or
      federal decision in California that references a similar claim for "common law affirmative concealment" is the

23    dismissal under Federal Rules of Civil Procedure 12(b)(6) and 9(b)  of another frivolous, putative class action brought
      by the same attorneys who filed this action.  McCready v. Am. Honda Motor Co., No. 05-CV-5247 SBA, 2006 U.S.

24    Dist LEXIS 44137, AT *15 (N.D. Cal. June 19, 2006) (dismissing, with prejudice, for being outside of the statute of
      limitations, and independently for failure to plead with particularity).  In dismissing the complaint in McCready, the

25    Court did not address the fact that there is no action at common law for "affirmative concealment."  Because plaintiff
      alleges both "concealment" and "misrepresentation" in the first cause of action, for the purposes of this motion to
      dismiss, defendant addresses the deficiencies of plaintiff's pleading under both common law fraud and "common

26    law fraudulent concealment."  Defendant notes that the vast majority of claims for "fraudulent concealment" are
      inapplicable and allege concealment of a party's right to bring a claim during the applicable statute of limitations.  See,

27    e.g., Barker v. Am. Mobil Power Corp., 64 F.3d 1397, 1399 (9th Cir. 1995).

      [5] California courts recognize the same elements for common law fraud, defined in Cal. Civ. Code § 1573, and

28    claims for "deceit" under Cal. Civ. Code §§ 1709-1711.  Stone v. Farnell, 239 F.2d 750, 754 (9th Cir. 1956) ("It
      appears that the California courts have not attempted to differentiate between fraud and deceit in this respect.").

1   alleged fraud with sufficient particularity, the appropriate remedy is dismissal.  <u>Vess</u>, 317 F.3d at

2   1107.

3

4                                            **ARGUMENT**

5   **I.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS
           TO STATE A CLAIM UNDER ANY PLEADING STANDARD, MUCH LESS**

6          **THE HEIGHTENED PLEADING STANDARD REQUIRED BY FEDERAL
           RULE OF CIVIL PROCEDURE 9(b)**

7
           **A.     PLAINTIFF'S FRAUD CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO**

8                 **PLEAD FACTS ESTABLISHING EITHER MISREPRESENTATION OR INJURY**

9          Plaintiff's allegations are not sufficient to plead common law fraud.  Under California law,

10  the elements of fraud are: (1) misrepresentation; (2) knowledge of falsity (scienter); (3) intent to

11  induce reliance; (4) justifiable reliance; and (5) resulting damage.  <u>Nagy v. Nagy</u>, 210 Cal. App. 3d

12  1262, 1268 (1989).  "Deception without resulting loss is not actionable fraud."  <u>See</u> <u>Serv. by</u>

13  <u>Medallion, Inc. v. Clorox Co.</u>, 44 Cal. App. 4th 1807, 1818 (1996).

14         <u>First</u>, regardless of the pleading standard, plaintiff fails to allege evidence of any

15  "misrepresentation."  As noted, the only apparent representation contained in the product packaging

16  was that the hose was being sold with an unconditional, lifetime warranty.  Neither the terms nor

17  existence of that warranty is alleged to have been misstated.  Nor does plaintiff allege that

18  defendant represented to her, or any unnamed class member, that the hose would perform in a

19  specific manner for perpetuity.  Plaintiff's argument relies entirely upon the theory that defendant's

20  use of the trade name "Kink Free" was fraudulent.

21         Even assuming that use of the trade name "Kink Free" constituted a representation of some

22  sort, its meaning is ambiguous and the Complaint fails to offer a coherent explanation for how it

23  supposedly misled plaintiff.  Indeed, the Complaint is entirely circular in this respect: plaintiff

24  suggests that she thought the hose would never "kink" (undefined) and then alleges that she was

25  harmed because it did kink (again undefined).  Plaintiff does not explain whether she believed that

26  the hose could not bend; that it could bend but that it would never develop a permanent crease; or

27  that, regardless of what happened to the hose, water flow would never be impaired in any way.

28  Plaintiff simply does not specify what she understood the term to mean and, as a result, her naked

allegation that the term "Kink Free" falsely represented something to her is without any legal

significance.  Even assuming, <u>arguendo</u>, that the product name represented something to her about

the hose's attributes, at a minimum plaintiff must specify both what she understood the term to

mean and how the hose's operation has led her to believe that she was deceived.  <u>Hoey v. Sony</u>

<u>Elecs. Inc.</u>, 515 F. Supp. 2d 1099, 1104 (N.D. Cal. 2007) (rejecting conclusory allegations of fraud

and finding no misleading representation of fact); <u>see also</u> <u>Neu v. Terminix Int'l, Inc.</u>, No. 07-CV-

6472 CW, 2008 U.S. Dist. LEXIS 32844, at *17 (N.D. Cal. April 8, 2008) (requiring pleading

detailing "why Plaintiff believes the statements were knowingly false when made").

Plaintiff's claim for affirmative concealment similarly relies only on the conclusory

allegation that "[a]t all times stated herein, defendant concealed or suppressed material facts."

Complaint ¶ 22.  Plaintiff never identifies which facts supposedly were material, how or when they

were "concealed or suppressed," or by whom.  Particularly given that the phrase "kink free" is

susceptible to multiple possible interpretations, plaintiff obviously must provide particularized

factual allegations specifying exactly what facts defendants supposedly withheld from her.

<u>Second</u>, plaintiff does not plead facts establishing reasonable or justifiable reliance.  Indeed,

if plaintiff truly "purchased the subject hose solely upon the 'kink free' representation" (Complaint

¶ 11), the onus is on her to show that her belief about what that term meant was objectively

reasonable.  Plaintiff is required to show justifiable reliance, "<u>i.e.</u> circumstances were such to make

it reasonable for plaintiff to accept defendant's statements without an independent inquiry."

<u>Wilhelm v. Pray, Price, Williams & Russell</u>, 186 Cal. App. 3d 1324, 1326 (1986).  In 1941, the

California Supreme Court elucidated the standard for fraudulent misrepresentation: "If the conduct

of the plaintiff in the light of his own intelligence and information was manifestly unreasonable . . .

he will be denied a recovery."  <u>Seeger v. Odell</u>, 18 Cal. 2d 409, 414-415 (1941).  Here, plaintiff has

not specified what she understood the product's name to mean, much less pled facts establishing

how the hose ultimately performed vis-à-vis those expectations.

To the extent that plaintiff read the trade name as constituting a promise that she would

"never have to be concerned" about the possibility of the hose bending (Complaint ¶¶ 11, 22), it

unquestionably was within plaintiff's ability to inform herself of whether this was a reasonable

7

belief.  Plaintiff stood in Goodman's Building Supply, observed the product packaging (id. ¶ 11), and could have tested the hose to ascertain whether the hose was as rigid or as flexible as she had hoped.  Plaintiff's apparent failure to investigate her beliefs regarding the hose's properties would also be fatal to her claim for fraudulent concealment, which can only be maintained where "material facts are known only to the defendant and the defendant knows that the plaintiff does not know or cannot reasonably discover the undisclosed facts."[6]  Karoutas v. HomeFed Bank, 232 Cal. App. 3d 767, 771 (1991); see also Curran v. Heslop, 115 Cal. App. 2d 476, 480 (1953) (quoting Clauser v. Taylor, 44 Cal. App. 2d 453 (1941) (holding that when seller knows material facts "not to be within the reach of the diligent attention and observation" of buyer, buyer may rescind contract upon discovery)).[7]  Yet again, however, plaintiff's failure to specify precisely what she understood the supposed representation to mean dooms her ability to establish reasonable reliance.

Finally, plaintiff's pleading regarding "resulting damage" is not simply deficient, it is non-existent.  "Damage is an essential element of a fraud claim."  Williams v. Prudential Ins. Co. of Am., 07-CV-2252, 2007 U.S. Dist. LEXIS 86795, at *6 (N.D. Cal. Nov. 13, 2007) (granting motion to dismiss for failure to plead fraud with sufficient particularity) (citing Abbot v. Stevens, 133 Cal. App. 2d 242, 247 (1955) ("Fraudulent representations which work no damage cannot give rise to an action at law, and an allegation of a definite amount of damage is essential to stating a cause of action.")).  Plaintiff never specifies what she paid for the hose or what her supposed damages are, much less pleads facts establishing the existence of injury.  Plaintiff says that she "wanted a hose that provided continuous water flow not interrupted by 'kinking'" and that, on May 14, 2006, the hose "kinked several times during her use of it."  Complaint ¶¶ 11, 12.  Plaintiff does not specify what, if any, harm resulted from the alleged kinking.  In fact, she never even alleges that her water flow was interrupted, which would be a necessary (if not sufficient) allegation to establish that the hose failed to perform in accordance with her expectations.

---

[6] Plaintiff also makes the conclusory allegation that defendant had a "duty to disclose" that the hose was not "kink free" not just to plaintiff and to the putative class members, "but to the general public."  Complaint ¶ 23. Defendant is not aware of any statutory or common law obligation on the part of manufacturers to disclose product attributes to the general public.

[7] Under Clauser, even assuming arguendo that the hose failed to perform as warranted, the appropriate remedy would be rescission of the individual contract of sale, not a putative nationwide damages class seeking recovery in tort.

1  Moreover, plaintiff's ability to establish injury or damages on her own behalf or for any other

2  putative class member is totally undermined by the existence of the unconditional warranty.

3  Simply put, plaintiff's vague and unsupported assertion that "plaintiff and all the class members

4  were harmed" because the hose was not "kink free" (id. ¶ 14) is plainly insufficient to maintain a

5  claim, much less under the heightened pleading requirements of Rule 9(b).[8]

6

7  **B.    PLAINTIFF'S UCL CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FACTS ESTABLISHING UNLAWFUL, UNFAIR, OR FRAUDULENT CONDUCT OR INJURY**

8         The UCL prohibits "any unlawful, unfair or fraudulent business act or practice. . . ." Cal.

9  Bus. & Prof. Code § 17200.  Plaintiff fails to allege a violation of the UCL under any of the three

10  prongs.  Moreover, plaintiff fails to establish that she "suffered injury in fact and has lost money or

11  property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.  Accordingly, her

12  UCL claim must fail.  See Daugherty v. Honda, 144 Cal. App. 4th 824, 837 (2006) (citing Cel-Tech

13  Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999)).

14         For its "unlawful" prong, the UCL "borrows" violations of other laws and treats them as

15  independently actionable.  Daugherty, 144 Cal. App. 4th at 837.  To properly plead an "unlawful"

16  business act or practice, a complaint must allege facts showing that a particular practice violates a

17  particular law.  See, e.g., Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993)

18  (affirming sustained demurrer where "complaint d[id] not describe the manner in which

19  respondent's practice is 'unlawful'").  Here, plaintiff fails to identify any law violated by defendant.

20  Plaintiff seemingly (and in circular fashion) suggests that defendant engaged in unlawful conduct

21  under § 17200 by virtue of a putative violation of § 17200.  Complaint ¶ 25.  Such a contention

22  makes no sense.  Plaintiff also intimates that defendant may have run afoul of the UCL by violating

23  Cal. Bus. & Prof. Code § 17500.  Complaint ¶ 25.  As discussed further infra, plaintiff's Complaint

24

25  _____
        [8] Nor does plaintiff's conclusory jurisdictional allegation regarding supposed aggregate damages "in excess of 5 million dollars" (id. ¶ 2) satisfy plaintiff's obligation to plead facts establishing injury and damages.  "[A]n allegation
26  of a definite amount of damage is essential to stating a cause of action."  Nagy v. Nagy, 210 Cal. App. 3d 1261, 1268-1269 (1989) (finding "[a]ppellant's complaint [] defective in that he did not allege a definite amount of damage").  Plaintiff's claims for "damages" under the UCL and FAA are also improper because remedies for violations are
27  equitable in nature.  "[T]he only nonpunitive monetary relief available under the Unfair Business Practices Act is the disgorgement of money that has been wrongly obtained or, in the language of the statute, an order 'restoring money which may have been acquired by means of unfair competition.'"  Bank of the West v. Super. Ct., 2 Cal. 4th 1254,
28  1266 (1992) (internal citations omitted).

1  is devoid of facts sufficient to support a claim for violation of Cal. Bus. & Prof. Code § 17500, or

2  any other California statute.  Most obviously, plaintiff's conclusory allegation that defendant

3  engaged in deceptive conduct, "by use of mass and multi media (including but not limited to

4  newspapers, specialty magazines, television, internet, web sites, advertising packaging, displays,

5  and other advertising methods)" (Complaint ¶ 27), fails to include even the most basic level of

6  particularity regarding "the who, what, when, where, and how of the misconduct charged." Vess,

7  317 F.3d at 1106.  As a result, plaintiff's effort to establish a UCL violation based on unlawful

8  conduct fails as a legal matter.

9        Plaintiff's claim under the UCL's "unfair" prong is similarly deficient.  Plaintiff's

10  Complaint asserts that defendant's alleged conduct created "unfair advantage" over competitors,

11  and was unfair to consumers.  Complaint ¶ 25.  The California Supreme Court has held that, as to

12  competitors, "the word 'unfair' in [the UCL] means conduct that threatens an incipient violation of

13  an antitrust law, or violates the policy or spirit of one of those laws because its effects are

14  comparable to or the same as a violation of the law, or otherwise significantly threatens or harms

15  competition." Cel-Tech, 20 Cal. 4th at 187.  Not only has plaintiff failed to plead how defendant's

16  conduct "significantly threatens or harms competition," plaintiff obviously is not a competitor of

17  defendant's and thus has no standing to bring claims of "harm to competition."[9] Cf. Khoury, 14

18  Cal. App. 4th at 619 (finding no "monopolistic or anticompetitive practice" under § 17001

19  "because appellant is not in competition with respondent").

20        Even under other interpretations of the standard for measuring unfairness post-Cel-Tech,

21  plaintiff cannot succeed.  In 2006, a California Court of Appeal held that "[a]n act or practice is

22  unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to

23  consumers or to competition, and is not an injury the consumers themselves could reasonably have

---

[9] The Cel-Tech court indicated that its definition of "unfair" may not apply to claims brought by consumers. Cel-Tech, 20 Cal. 4th at 186, n.11.  The Supreme Court of California has not yet provided any further clarity on the issue of the appropriate test for "unfairness" in the consumer context.  See Bardin v. DaimlerChrysler Corp., 136 Cal. App. 4th 1255, 1267-1268 (2006) (acknowledging split of authority over whether the Cel-Tech definition of "unfair" under the UCL should apply to UCL actions brought by consumers, and requesting Supreme Court guidance); see also Churchill Vill., L.L.C. v. GE, 169 F. Supp. 2d 1119, 1130 (N.D. Cal. 2000) (suggesting the Cel-Tech definition of "unfair" is "equally valid in the consumer context").  Under the Cel-Tech standard, however, plaintiff obviously would have no claim.

10

1     avoided." <u>Daugherty</u>, 144 Cal. App. 4th at 839 (citing <u>Camacho v. Auto. Club of S. Cal.</u>, 142 Cal.

2     App. 4th 1394, 1403 (2006)). In <u>Daugherty</u>, plaintiffs alleged that Honda failed to disclose a latent

3     engine defect that often was revealed only after affected automobiles were out of warranty,

4     sometimes prompting replacement of the entire engine at the car owner's expense. <u>Daugherty</u>, 144

5     Cal. App. 4th at 830. For many putative plaintiffs in <u>Daugherty</u>, the engine had yet to malfunction.

6     <u>Id.</u> Like plaintiff in this action, plaintiffs in <u>Daugherty</u> offered only conclusory claims that

7     "Honda's conduct was inherently injurious to consumers and thus an unfair business practice under

8     the UCL." The <u>Daugherty</u> court disagreed and found any injury to consumers was "not substantial,

9     if indeed it can be characterized as a cognizable injury at all." <u>Id.</u> at 827, 838.

10        Plaintiff's claim of injury here is even less coherent. <u>First</u>, as noted, there is no allegation of

11    any harm to plaintiff or to any other putative class member, much less an identifiable, substantial

12    one. Even if plaintiff had alleged injury, however, it obviously would be far less "substantial" than

13    the cost of replacing a vehicle engine. <u>Second</u>, plaintiff acknowledges that her hose came with an

14    unconditional lifetime warranty. Plaintiff never alleges that she attempted to invoke the warranty

15    without success. With an unconditional lifetime warranty in place, it strains credulity to imagine

16    how plaintiff or any other consumer has suffered any injury at all. Indeed, the plaintiffs in

17    <u>Daugherty</u> arguably were left without any recovery because their warranties had lapsed. The

18    opposite is true here. <u>Third</u>, even assuming that plaintiff had alleged substantial injury, she fails to

19    plead that defendant's conduct "is not outweighed by any countervailing benefits to consumers or

20    to competition, and is not an injury the consumers themselves could reasonably have avoided."

21    <u>Daugherty</u>, 144 Cal. App. 4th at 839. As noted above, plaintiff reasonably could have avoided any

22    theoretical harm by testing the hose's flexibility prior to making the purchase, by inspecting the

23    hose post-purchase and returning it to the point-of-sale, or by availing herself of the warranty

24    coverage.

25        Because plaintiff cannot show that she suffered an injury in fact, much less one caused by

26    defendant's conduct, she cannot state a claim for unfair conduct under the UCL. <u>Branick v.</u>

27    <u>Downey Sav. & Loan Ass'n</u>, 39 Cal. 4th 235, 240 (2006) ("[O]nly those private persons who have

28    suffered injury in fact and have lost money or property may sue to enforce the unfair competition

11

DEFENDANT'S [PROPOSED] NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. CV-08-1513

1    and false advertising laws.  Uninjured persons may not sue. . . .") (internal quotations and citations

2    omitted).

3        Plaintiff's claim for violation of the UCL based on allegedly "fraudulent" conduct also fails

4    as a legal matter.  A claim for "fraudulent" business practices requires a showing "that members of

5    the public are likely to be deceived."  Id. at 837 (citing Comm. on Children's Television, Inc. v.

6    Gen. Foods Corp., 35 Cal. 3d 197, 211 (1983)).  Anecdotal evidence of isolated instances of

7    confusion is insufficient to state a claim.  Churchill Vill., L.L.C. v. GE, 169 F. Supp. 2d 1119,

8    1131-32 (N.D. Cal. 2000).  "The 'likely to be deceived' standard requires a probability that a

9    significant portion of the general consuming public or of targeted consumers, acting reasonably in

10   the circumstances, could be misled."  People ex rel. DMV v. Cars 4 Causes, 139 Cal. App. 4th

11   1006, 1016 (2006); cf. Haskell v. Time, Inc., 857  F. Supp. 1392 (E.D. Cal. 1994) (granting motion

12   to dismiss where advertisements were "puffery" and unlikely to mislead under a "reasonable

13   consumer" standard); Consumer Advocates v. Echostar, 113 Cal. App. 4th 1351, 1356 (2003)

14   (holding that the representations that satellite system provided "crystal clear digital video" and "CD

15   quality audio" were boasts and advertising slogans, not "factual representations that a given

16   standard is met").  As discussed supra, plaintiff pleads no facts indicating what the term "Kink

17   Free" meant even to her, much less establishing that most consumers would have (a) interpreted the

18   term just as she did, and (b) felt deceived by the actual performance of the product.

19       Moreover, the Complaint's conclusory allegation that defendant marketed the hose

20   improperly "as being superior to hoses designed and manufactured by defendant's competitors"

21   likewise fails to support a claim for violation of the UCL.  Complaint ¶ 28.  Plaintiff pleads no facts

22   establishing the "the who, what, when, where, and how" of the supposed scheme.  Vess, 317 F.3d

23   at 1106.  Indeed, the above-referenced allegation is utterly untethered to any facts regarding who

24   the supposed competitors are, what products they sell, how defendant or others described those

25   products, whether plaintiff ever considered buying one of those products, and whether those other

26   products in fact are superior to the hose manufactured by the defendant.

27

28

1

**C.    PLAINTIFF'S FALSE ADVERTISING CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FACTS ESTABLISHING THAT THERE WAS ADVERTISING, MUCH LESS THAT IT WAS FRAUDULENT AND CAUSED INJURY**

2

3    The FAA prohibits the making of a statement concerning personal property "connected with

4    the proposed performance…thereof, which is untrue or misleading, and which is known, or which

5    by the exercise of reasonable care should be known to be untrue or misleading." Cal. Bus. & Prof.

6    Code § 17500.  The FAA also requires that a plaintiff "has suffered injury in fact and has lost

7    money or property as a result of a violation of this chapter" in order to bring suit.  Cal. Bus. & Prof.

8    Code § 17535.  Plaintiff has alleged neither a misleading statement nor the occurrence of an injury.

9    To support her FAA claim, plaintiff alleges that defendant engaged in false advertising "by

10    use of mass and multi media (including but not limited to newspapers, specialty magazines,

11    television, internet, web sites, advertising packaging, displays and other advertising methods) to

12    misrepresent the subject hose system."  Complaint ¶ 27;[10] see also id. ¶¶ 6, 10 (claiming "multi-

13    media advertising and other communicative forms"[11]).  Once again, however, plaintiff fails to plead

14    the details of the alleged false advertising with particularity.  Plaintiff never alleges that she saw

15    any advertisement in any medium regarding defendant's product.  Indeed, plaintiff has not

16    identified a single example of an advertisement by defendant, in any medium, at any time over the

17    last four years, upon which she or any other consumer supposedly relied when purchasing a hose.

18    See McCready v. Am. Honda Motor Co., No. C 05-5247 SBA, 2006 U.S. Dist. LEXIS 44137 at

19    *15 (N.D. Cal. June 19, 2006) (dismissing FAA claim for failure to identify "a single example of an

20    advertisement contemporaneous with their purchases upon which they relied in making their

21    purchases"); see also Comm. on Children's Television, 35 Cal. 3d at 218 (holding that "trial court

22    could reasonably require plaintiffs to set out or attach a representative selection of advertisements,

23    to state the misrepresentations made by those advertisements, and to indicate the language or

24    images upon which any implied misrepresentations are based").  Clearly, where there is no

25

26    [10] Plaintiff first asserts that she purchased "based upon the representations that appeared on the packing," explicitly including the fact that it was a "premium" hose, and that the product was accompanied by a warranty, and yet in the next sentence plaintiff claims that she purchased the hose "solely upon the 'kink free' representation." Complaint ¶ 11.

27

28    [11] Precisely the same text appears in the complaint that plaintiff's counsel filed in the McCready case, discussed below and supra, note 4.

13

1 advertisement, there can be no claim of false advertising, much less of false advertising causing

2 injury.

### D. PLAINTIFF'S CALIFORNIA CONSUMER LEGAL REMEDIES ACT CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD FACTS ESTABLISHING EITHER MISREPRESENTATION OR INJURY

5 The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or

6 practices" in transactions for the sale or lease of goods to "consumers." Cal. Civ. Code § 1770(a).

7 Plaintiff asserts defendant violated three proscriptions of the CLRA: "Representing that goods or

8 services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which

9 they do not have" (id., subd. (a)(5)); "Representing that goods or services are of a particular

10 standard, quality, or grade, or that goods are of a particular style or model, if they are of another"

11 (id., subd. (a)(7)); and "Advertising goods or services with intent not to sell them as advertised"

12 (id., subd. (a)(9)). The CLRA requires proof of causation: that plaintiffs have suffered damages as

13 a direct result of the alleged harm. Mass. Mut. Life Ins. Co. v. Super. Ct., 97 Cal. App. 4th 1282,

14 1292 (2002) ("[P]laintiffs in a CLRA action [must] show not only that a defendant's conduct was

15 deceptive but that the deception caused them harm.").

16 In the Complaint, plaintiff makes the conclusory and unintelligible statement that defendant

17 represented its hoses "to have a quality and characteristic that did **not** exist compared to other

18 manufacturers of hoses in the same price class as the subject 'Kink Free' hoses." Complaint ¶ 34

19 (emphasis in original). Plaintiff does not explain what that allegation means, nor does she plead

20 what qualities or characteristics defendant supposedly represented, how, when or to whom "the

21 qualities and characteristics were represented," which other manufacturers sell hoses in the same

22 price class, which price classes exist, and in which price class the subject hose was sold. Nor does

23 plaintiff plead facts establishing how plaintiff was harmed as a result of the supposed statements

24 referenced in the Complaint. It bears repeating, however, that insofar as the subject hose was

25 represented to have—and does have—a lifetime warranty associated with it, plaintiff seemingly has

26 suffered no injury whatsoever.

27

28

1
2

**II.   PLAINTIFF DID NOT COMPLY WITH STATUTORY REQUIREMENTS OF THE CLRA**

3

**A.   PLAINTIFF FAILED TO FILE THE AFFIDAVIT REQUIRED BY CALIFORNIA CIVIL CODE § 1780(C)**

4

The CLRA provides:

5
6
7
8
9

> In any action subject to the provisions of this section, concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action.  If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice.

10

Cal. Civ. Code § l780(c).  Plaintiff failed to file an affidavit with the Complaint stating facts

11

showing that this action has been commenced in a proper venue, as required by California Civil

12

Code § 1770(c).  Accordingly, plaintiff's CLRA claim should be dismissed.  Id.; Stern, William L.,

13

Business & Professions Code Section 17200 Practice, § 10:82 (The Rutter Group 2007).

14
15

**B.   PLAINTIFF FAILED TO COMPLY WITH THE NOTICE AND DEMAND REQUIREMENTS OF CALIFORNIA CIVIL CODE § 1782**

16

California Civil Code § 1782  requires that "thirty days or more" prior to the filing of a

17

CLRA action "for damages" the customer shall notify the defendant, by certified or registered mail,

18

"of the particular alleged violation of Section 1770 "and demand that she "correct, repair, replace or

19

otherwise rectify" the goods or services alleged to be in violation of § 1770.  Federal courts have

20

held that failure to serve a demand under § 1782 requires dismissal of plaintiff's CLRA damages

21

claim.  See, e.g., Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d 939, 949-50 (S.D. Cal. 2007).

22

Plaintiff's failure to comply with the notice and demand requirement is particularly troubling given

23

the existence of the unconditional warranty suggesting that defendant would have repaired,

24

replaced or refunded the purchase price of plaintiff's supposedly defective hose.  "The notice

25

requirement is strict and literal. The purpose of the notice requirement of [Civil Code] section

26

1782 is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate

27

corrections or replacements. . . . The clear intent of the act is to . . . establish a limited period during

28

which such settlement may be accomplished.  This clear purpose may only be accomplished by a

1    literal application of the notice provisions." O'Brien v. Camisasca Auto. Mfg., Inc., 161 Cal. App.

2    4th 388, 406 (2008).

3    **III.    PLAINTIFF HAS FAILED TO ESTABLISH THAT THE COURT HAS**

4    **SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS**

5        A federal court's lack of subject matter jurisdiction can be raised by any party (or the court

6    sua sponte) at any stage of the litigation. Ins. Corp. of Ireland v. Compagnie Des Bauxites, 456

7    U.S. 694 (1982). Plaintiff's Complaint on its face raises several questions about the Court's subject

8    matter jurisdiction, some possibly remediable with amendment, others less so. First, plaintiff never

9    alleges citizenship as required by 28 U.S.C. § 1332. Plaintiff alleges that she purchased the subject

10    hose in the "City of Mill Valley, County of Marin, State of California," without ever alleging if that

11    is her domicile. Complaint ¶ 11. Second, plaintiff asserts jurisdiction pursuant to "United States

12    Code § 1711" (Complaint ¶ 2), a provision that speaks to the definition of certain class action

13    terminology. As plaintiff purports to bring a class action and alleges damages "in excess of 5

14    million dollars," plaintiff may have been attempting to invoke class action diversity jurisdiction

15    under 28 U.S.C. § 1332(d)(2)(A); however, there is no particularized factual basis for plaintiff's

16    claim to any damages, much less to damages that meet the aforementioned jurisdictional

17    requirements.

18        Third, as noted, the propriety of federal court jurisdiction here seemingly depends on class

19    action diversity jurisdiction created by the Class Action Fairness Act of 2005, Pub. L. No. 109-2,

20    119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA"), as there is no federal question

21    presented, see 28 U.S.C. § 1331, and plaintiff does not appear to suggest that the amount in

22    controversy of her claim on an individual basis would be sufficient to satisfy 28 U.S.C. § 1332(a).

23    At least one federal district court recently has determined that given powerful authority in its

24    Circuit suggesting that a district court may not certify a nationwide class of individuals seeking

25    relief under the laws of a single state, as plaintiff urges here, it is appropriate at the pleading stage

26    to analyze the certification-related issues in sufficient depth to determine whether CAFA

27    jurisdiction is anything other than ephemeral. See Porcell v. Lincoln Wood Prods., Inc., 07-CV-

28    729 BBC, 2008 U.S. Dist. LEXIS 34339, at *5 (W.D. Wis. Apr. 23, 2008) (entering order to show

16

1    cause why case should not be dismissed for lack of subject matter jurisdiction, due to strong

2    likelihood that nationwide class would not be certified, causing amount in controversy to fall below

3    $5 million).  Defendant is not aware of other courts having endorsed or disapproved this approach,

4    but respectfully submits that the rationale of <u>Porcell</u> advances the interest of judicial economy.

5         Further, it is well settled that "California law embodies a presumption against the

6    extraterritorial application of its statutes." <u>Churchill Vill., L.L.C. v. GE</u>, 169 F. Supp. 2d 1119,

7    1126 (N.D. Cal. 2000)  (citing <u>Diamond Multimedia Sys., Inc. v. Super. Ct.</u>, 19 Cal. 4th 1036, 1060

8    n.20 (1999)); <u>see also</u> <u>Norwest Mortg., Inc. v. Super. Ct.</u>, 72 Cal. App. 4th 214, 222 (1999).  This

9    too raises a significant question about whether the true amount in controversy here is sufficient to

10   support class action diversity jurisdiction.  In <u>Churchill</u>, this Court denied plaintiffs' attempt to

11   apply Cal. Bus. & Prof. Code §§ 17200 and 17500 to nationwide claims and noted that "beyond

12   California's presumption against the extraterritorial application of its laws, a California court's

13   adjudication of non-residents' claims that lack a nexus with California 'raises significant due

14   process problems.'" <u>Churchill</u>, 169 F. Supp. 2d at 1127 (internal citations omitted).  Here, there is

15   likewise no preferred nexus between California and the claims of the non-California members of

16   the putative nationwide class, yet plaintiff alleges violations of only California law.  As in

17   <u>Churchill</u>, Plaintiff will not be able to represent the interests of non-California residents, if indeed

18   she could represent anyone at all.  This, therefore, raises a significant possibility that plaintiff's

19   claims fail to meet the amount-in-controversy requirements of 28 U.S.C. § 1331 or 28 U.S.C.

20   § 1332(d)(2)(A).

21

22

23

24

25

26

27

28

1

## IV.    CONCLUSION

2          For the foregoing reasons, defendant respectfully requests that the court dismiss the

3  Complaint.

4  Dated:    May 19, 2008                                    Respectfully Submitted,

5                                                             DAVIS POLK & WARDWELL

6
                                                             By:  s/ Neal A. Potischman
7                                                                 Neal A. Potischman (Bar No. 254862)
                                                                  Stephanie E. Lockwood (Bar No. 238215)
8
                                                             Attorneys for Defendant
9                                                            TEKNI-PLEX, INC., sued herein as
                                                             COLORITE PLASTIC COMPANY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Neal A. Potischman (Bar No. 254862)
    Stephanie E. Lockwood (Bar No. 238215)
2   DAVIS POLK & WARDWELL
    1600 El Camino Real
3   Menlo Park, California  94025
    Telephone:  (650) 752-2000
4   Facsimile:  (650) 752-2111
    Email:      neal.potischman@dpw.com
5               lockwood@dpw.com

6   Attorneys for Defendant
    TEKNI-PLEX, INC., sued herein as
7   COLORITE PLASTIC COMPANY

8

9                   UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12  PEPPER BEALL MAUPIN,            )   CASE NO. CV-08-1513
                                    )
13               Plaintiff,         )   **[PROPOSED] ORDER GRANTING**
                                    )   **DEFENDANT TEKNI-PLEX, INC.'S**
14         v.                       )   **MOTION TO DISMISS**
                                    )
15  COLORITE PLASTIC COMPANY,       )
                                    )
16               Defendant.         )
                                    )
17                                  )
                                    )
18  _____)

19         Before the Court is Defendant's Notice of Motion and Motion to Dismiss, filed on May

20  19, 2008.  Upon consideration of the pleadings, papers, and arguments of counsel, and with good

21  cause shown, it is hereby ORDERED and ADJUDGED THAT Defendant's Motion to Dismiss is

22  **GRANTED,**

23         **IT IS SO ORDERED.**

24  Dated:    , 2008

25                                    _____
                                          HONORABLE MARILYN H. PATEL
26                                    UNITED STATES DISTRICT COURT JUDGE

27

28

1   Neal A. Potischman (Bar No. 254862)
    Stephanie E. Lockwood (Bar No. 238215)
2   DAVIS POLK & WARDWELL
    1600 El Camino Real
3   Menlo Park, California  94025
    Telephone:  (650) 752-2000
4   Facsimile:  (650) 752-2111
    Email:      neal.potischman@dpw.com
5               lockwood@dpw.com

6   Attorneys for Defendant
    TEKNI-PLEX, INC., sued herein as
7   COLORITE PLASTIC COMPANY

8

9                          UNITED STATES DISTRICT COURT

10                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                             SAN FRANCISCO DIVISION

12  PEPPER BEALL MAUPIN,                    )   CASE NO. CV-08-1513 MHP
                                            )
13                     Plaintiff,           )   **[PROPOSED] ORDER GRANTING**
                                            )   **DEFENDANT TEKNI-PLEX, INC.'S**
14          v.                              )   **REQUEST FOR LEAVE OF COURT TO**
                                            )   **FILE A MOTION TO DISMISS**
15  COLORITE PLASTIC COMPANY,               )
                                            )   Complaint served:  April 30, 2008
16                     Defendant.           )
                                            )
17                                          )
                                            )
18  _____)

19          The Court, having considered the supplemental application of defendant Tekni-Plex, Inc.

20  for leave of Court to file its motion to dismiss prior to the Initial Case Management Conference

21  currently scheduled for July 14, 2008, and GOOD CAUSE APPEARING THEREFOR,

22          Defendant's application for leave of Court to file its motion to dismiss is hereby

23  **GRANTED**,

24          **IT IS SO ORDERED.**

25

26  Dated:                  , 2008

27                                          _____
                                            HONORABLE MARILYN H. PATEL
28                                          UNITED STATES DISTRICT COURT JUDGE

---

[PROPOSED] ORDER GRANTING LEAVE OF COURT PURSUANT TO STANDING ORDER NO. 4
CASE NO.CV-08-1513 MHP

1  Neal A. Potischman (Bar No. 254862)
   Stephanie E. Lockwood (Bar No. 238215)
2  DAVIS POLK & WARDWELL
   1600 El Camino Real
3  Menlo Park, California  94025
   Telephone:  (650) 752-2000
4  Facsimile:  (650) 752-2111
   Email:      neal.potischman@dpw.com
5              lockwood@dpw.com

6  Attorneys for Defendant
   TEKNI-PLEX, INC., sued herein as
7  COLORITE PLASTIC COMPANY

8

9                    UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12  PEPPER BEALL MAUPIN,              )   CASE NO. CV-08-1513 MHP
                                      )
13              Plaintiff,            )   **[PROPOSED] ORDER GRANTING**
                                      )   **DEFENDANT TEKNI-PLEX, INC.'S**
14         v.                         )   **REQUEST TO ADJOURN THE**
                                      )   **DEADLINE TO MOVE TO DISMISS OR**
15  COLORITE PLASTIC COMPANY,         )   **TO ANSWER THE COMPLAINT**
                                      )
16              Defendant.            )   Complaint served:  April 30, 2008
                                      )
17                                    )
                                      )
18  _____     )

19         The Court, having considered the request of defendant Tekni-Plex, Inc. to adjourn the

20  deadline for defendant to move to dismiss or to answer the Complaint until ten days after the initial

21  Case Management Conference, and GOOD CAUSE APPEARING THEREFOR,

22         Defendant's request to adjourn the deadline to move to dismiss or to answer the Complaint

23  until ten days after the initial Case Management Conference is hereby **GRANTED**,

24         **IT IS SO ORDERED.**

25

26  Dated:                 , 2008

27                                        _____
                                          HONORABLE MARILYN H. PATEL
28                                        UNITED STATES DISTRICT COURT JUDGE